**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| YONG JUN CHOI, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER,<br><br>Defendant. | Case No._____<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Yong Jun Choi ("Plaintiff" or "Ms. Choi"), on behalf of herself and all others

similarly situated, by and through her counsel, brings this Class Action Complaint ("Complaint")

against Defendant Nationstar Mortgage LLC, doing business as Mr. Cooper ("Defendant" or

"Nationstar"), and in support thereof alleges as follows:

## STATEMENT OF THE CASE

1.      Mortgage lenders and mortgage loan servicers, including Nationstar, often require

homeowners to maintain escrow accounts as part of their mortgage agreements in order to ensure

funds are available for the payment of property tax, insurance, and other assessments on the

mortgaged property. These deposited funds remain in escrow until their respective payments

become due and payable.

2.      Nationstar routinely and willfully violates the laws of New York and thirteen other

states by not paying interest on putative class members' funds held in escrow. The applicable New

York statute (N.Y. Gen. Oblig. Law § 5-601), mandates that interest be paid to homeowners on all

{00294103 }

funds deposited into escrow accounts for loans secured by real property located in the State of New

York at a rate of at least 2% per annum on all funds deposited into escrow accounts.

3.     Homeowners, own the escrowed funds. Therefore, New York law requires lenders to

pay interest earned on escrowed funds:

> Any mortgage investing institution which maintains an escrow account  pursuant to any agreement executed in connection with a mortgage on any one to six family residence occupied by the owner or on any property owned by a cooperative apartment corporation . . . located  in this state shall, for each quarterly period in which such escrow account is established, *credit the same with dividends or interest at a rate of not less than two per centum* **per year** based on the  average  of  the  sums  so paid  for the average length of  time  on  deposit *or  a  rate  prescribed  by  the superintendent of financial services* pursuant to section fourteen-b of the banking law and  pursuant  to  the  terms  and conditions set forth in that section *whichever is higher*. . . . No    mortgage investing    institution    shall    impose    a    service    charge    in connection   with  the  maintenance  of  an  escrow  account unless provision therefor was  expressly made in a loan contract executed prior to  the  effective  date  of  this section.

N.Y. Gen. Oblig. Law § 5-601 (emphasis added).

4.     Similarly, California law requires lenders to pay interest earned on escrowed

funds:

> *Every financial institution that makes loans upon the security of real property* containing only a one- to four-family residence and located  in  this  state  or  purchases  obligations  secured  by  such property and that receives money in advance for payment of taxes and  assessments  on  the  property,  for  insurance,  or  for  other purposes relating to the property, *shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum.* Such interest  shall  be  credited  to  the  borrower's  account  annually  or upon termination of such account, whichever is earlier.
>
> * * *
>
> *No financial institution subject to the provisions of this section shall impose any fee or charge* in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance,

or for other purposes relating to such real property, *that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received*.

Cal. Civ. Code §2954.8(a) (Emphasis added).

5.      Iowa law requires lenders to pay interest earned on escrowed funds pursuant to Iowa Code § 524.905(2) which provides:

> A bank may include in the loan documents signed by the borrower a provision requiring the borrower to pay the bank each month in addition to interest and principal under the note an amount equal to one-twelfth of the estimated annual real estate taxes, special assessments, hazard insurance premium, mortgage insurance premium, or any other payment agreed to by the borrower and the bank in order to better secure the loan. The bank shall be deemed to be acting in a fiduciary capacity with respect to these funds. *A bank receiving funds in escrow pursuant to an escrow agreement executed* on or after July 1, 1982 in connection with a loan as defined in section 535.8, subsection 1, *shall pay interest to the borrower on those funds*, calculated on a daily basis, at the rate the bank pays to depositors of funds in ordinary savings accounts. A bank which maintains an escrow account in connection with any loan authorized by this section, whether or not the mortgage has been assigned to a third person . . . .

(Emphasis added).

6.      Utah law requires lenders to pay interest earned on escrowed funds pursuant to Utah Code Ann. § 7-17-1 *et seq*., including § 7-17-3(1) and 7-17-3(1)(a) which provides:

> Each lender requiring the establishment or continuance of a reserve account in connection with an existing or future real estate loan shall, on a yearly basis as of December 31, calculate and credit to the account interest on the average daily balance of funds deposited in the account at a rate equal to: (a) 5-1/2%.

(Emphasis added).

7.      Ten other states have similar statutes requiring financial institutions to pay borrowers interest on their escrow accounts. Conn. Gen. Stat. § 49-2a (Connecticut); ME. Rev. Stat. Ann. tit. 33, § 504 (Maine); MD. Comm. Law Code Ann. § 12-109 (Maryland); Mass.

{00294103 }                                    3

Gen. L. ch. 183, § 61 (Massachusetts); Minn. Stat. Ann. § 47.20, subd. 9 (Minnesota); N.H. Rev. Stat. Ann. § 384:16-a *et seq*. (New Hampshire); OR. Rev. Stat. §§ 86.205, 86.245 (Oregon); R.I. Gen. Laws § 19-9-2 (Rhode Island); Vt. Stat. Ann. tit. 8, § 10404 (Vermont); and Wis. Stat. § 138.052 (Wisconsin).

8. With the passage of the Dodd Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank"), Congress further made clear that state laws like NYGOB § 5-601, Cal. Civ. Code §2954.8(a), Iowa Code § 524.905(2), and Utah Code Ann. § 7-17-3(1)(a), among others, are to be given full force and effect, enacting 15 U.S.C. § 1639d(g)(3) in 2010, which states: "If proscribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as proscribed by that State or Federal law."

9. In plain contravention of state and federal laws, Nationstar has failed to pay mandated interest to putative class members, thereby enriching itself on the free use of mortgagors' escrow funds to generate income that Nationstar unjustly keeps for itself. This class action lawsuit is brought on behalf of all of those homeowners who held loans originated by or serviced by Nationstar in the fourteen states with escrow interest laws to recover their unpaid interest and to compel Nationstar to comply with the law going forward.

**PARTIES**

10. Plaintiff Yong Jun Choi is, and at all times mentioned herein was, a New York resident. On May 12, 2016, Ms. Choi purchased a single-family home located in Glenn Cove, New York, and simultaneously entered into a mortgage loan agreement with Nationstar's predecessor-in-interest Guaranteed Rate, Inc.

{00294103 }                                4

11.     Nationstar is a Texas Corporation with its corporate headquarters located at 8950 Cypress Waters Blvd, Coppell, Texas 75019.  In or about June 2016, Nationstar purchased Plaintiff's mortgage loan from Guaranteed Rate, Inc.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1332(d)(2) because: there are 100 or more class members; at least one class member is a citizen of a state that is diverse from Defendant's citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under the Constitution, laws, or treaties of the United States.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) because Plaintiff asserts a claim arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

15.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1640(e) because Plaintiff asserts a claim arising under 15 U.S.C. § 1640 and the Truth in Lending Act ("TILA").

16.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's other claims because they are so related to claims in the action that fall within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

18.     This Court has personal jurisdiction over Nationstar because Nationstar's actions and omissions committed in or aimed at this District gave rise to the claims alleged in this Complaint.

## STATEMENT OF FACTS

19.     On April 12, 2016, Ms. Choi entered into a mortgage agreement with Defendant's predecessor-in-interest Guaranteed Rate, Inc. ("Predecessor-in-Interest") wherein based on the express terms of the contract, Ms. Choi was required to deposit funds into an escrow account to pay for certain property taxes and homeowner's insurance.

20.     The mortgage agreement required compliance with all applicable state and federal laws.

21.     In or about June 2016, while Ms. Choi was still living in the home she purchased, Defendant purchased Plaintiff's mortgage loan from Nationstar's Predecessor-in-Interest. Ms. Choi's mortgage was thus assigned to Nationstar.

22.     From the time Ms. Choi entered into her mortgage agreement to the time she sold her home on August 30, 2017, she has been required to, and did, make substantial escrow payments totaling thousands of dollars in addition to her regular monthly principal and interest mortgage payments as a form of pre-payment of property tax and insurance.

23.     Ms. Choi did not receive any accrued interest on her escrow account from either Nationstar's Predecessor-in-Interest or from Nationstar itself. Rather, Nationstar and its Predecessor-in-Interest kept for themselves the interest earned on the escrow accounts of Ms. Choi and the other members of the Class.

24.     Upon information and belief, Nationstar profiting off the funds held in escrow by generating float income, which Nationstar retained for itself.  Float income is revenue from the investment of funds held by Nationstar.

{00294103 }                                          6

25.     Therefore, Plaintiff, on behalf of herself and all others similarly-situated, brings this action to stop Nationstar's unlawful conduct and to obtain monetary and equitable relief for homeowners who did not receive the interest to which they were entitled.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the members of a Class comprised of:

> All mortgagors of Nationstar Mortgage LLC, d/b/a Mr. Cooper (and/or its subsidiaries, related entities, successors, and predecessors) who hold a mortgage loan for an owner-occupied residence located in New York, California, Connecticut, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, Oregon, Rhode Island, Utah, Vermont, or Wisconsin and paid money into an escrow account that was maintained or serviced by Nationstar Mortgage LLC, dba Mr. Cooper (or its subsidiaries, related entities, predecessors-in-interest, successors, agents, servicers, or sub-servicers) for advance payment of taxes, assessments, insurance, or for other purposes relating to the property, but did not receive interest on funds held in the escrow account.

27.     Specifically excluded from the Class is any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, Defendant's legal representatives, assigns, and successors, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

28.     **Numerosity of the Class:** Members of the Class are so numerous that joinder is impracticable. The Class is believed to be comprised of thousands of members geographically dispersed persons throughout 14 states. Nationstar is the third largest residential mortgage servicer in the United States, with over three million customers. The Class is readily identifiable from information and records in Defendant's possession.

29.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class. These questions predominate over questions that may affect only

individual Class members because Defendant has acted on grounds generally applicable to the

Class. Such common legal or factual questions include:

    a.  Whether Nationstar has systematically engaged in conduct that violates the laws of 14 states by not paying legally required interest on homeowners' escrow accounts;

    b.  Whether Nationstar engaged in unlawful, unfair, deceptive, or unconscionable trade practices by failing to comply with the laws of 14 states that mandate payment of escrow interest;

    c.  Whether Nationstar must provide damages or restitution in the amount of interest accrued on escrow accounts to its customers based on the causes of action asserted herein; and

    d.  Whether declaratory and/or injunctive relief is appropriate to prohibit Nationstar from engaging in this conduct in the future.

30.    **Typicality:** Plaintiff's claims are typical of the members of the Class as all members of the Class are similarly affected by Nationstar's policy of not paying interest on homeowners' escrow accounts in violation of the laws of the 14 states and the Truth in Lending Act. Plaintiff, like all members of the Class, has sustained damages arising from Nationstar's violation of applicable state law, as alleged herein. Plaintiff and members of the Class were and are similarly or identically harmed by the same violations of state escrow interest laws, and unlawful, deceptive, and systematic pattern of misconduct engaged in by Defendant.

31.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class because Plaintiff has no interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to represent.  Furthermore, Plaintiff has retained competent counsel with experience prosecuting complex class actions, including class actions against mortgage lenders.

32.    **Superiority:** Class action treatment is a superior method for the fair and efficient adjudication of this controversy in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense or

{00294103 }

the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The class mechanism provides injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually and its benefits substantially outweigh any difficulties that may arise in the management of this class action.

33.     Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

34.     Nationstar has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Violation of Materially Identical State Escrow Interest Statutes)**

35.     Plaintiff realleges and incorporates by reference all the foregoing allegations as if they were fully set forth herein.

36.     Nationstar is a "mortgage investing institution" within the meaning of GBL § 5-601.

32.     Plaintiff and Nationstar's Predecessor-in-Interest executed an agreement in connection with a mortgage on real property within New York State. Defendant maintained an escrow account pursuant to this agreement.

33.     Plaintiff deposited funds into the escrow account.

34.     Defendant did not credit Plaintiff with interest on the funds in the escrow account.

35.     Defendant has violated GBL § 5-601.

36.     Plaintiff also bring these statutory claims pursuant to the substantially and materially similar escrow interest laws identified below, all of which were enacted and designed to mandate the payment of interest on escrow funds ("State Escrow Interest Statutes"):

    a.  Cal. Civ. Code § 2954.8 (California);

    b.  Conn. Gen. Stat. § 49-2a (Connecticut);

    c.  Iowa Code § 524.905(2) (Iowa);

    d.  ME. Rev. Stat. Ann. tit. 33, § 504 (Maine);

    e.  MD. Comm. Law Code Ann. § 12-109 (Maryland);

    f.  Mass. Gen. L. ch. 183, § 61 (Massachusetts);

    g.  Minn. Stat. Ann. § 47.20, subd. 9 (Minnesota);

    h.  N.H. Rev. Stat. Ann. § 384:16-a *et seq.* (New Hampshire);

    i.  NY Gen. Oblig. Law § 5-601 (New York);

    j.  OR. Rev. Stat. §§ 86.205, 86.245 (Oregon);

    k.  R.I. Gen. Laws § 19-9-2 (Rhode Island);

    l.  Utah Code Ann. § 7-17-1 *et seq.* (Utah);

    m.  Vt. Stat. Ann. tit. 8, § 10404 (Vermont); and

    n.  Wis. Stat. § 138.052 (Wisconsin).

37.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

38.     As a direct and proximate result of such actions, Plaintiff and the members of the Class are entitled to their actual damages, together with interest thereon; and reasonable attorney's fees and costs.

{00294103 }

## SECOND CLAIM FOR RELIEF
### (Violation of Materially Identical State Consumer Protection Acts)

39.    Plaintiff realleges and incorporates by reference all the foregoing allegations as if they were fully set forth herein.

40.    Plaintiff is an affected person within the meaning of § 349(h) of The New York Deceptive Practices Act (the "Act") and was injured by reason of Nationstar's knowing and willful policy of refusing to pay interest on homeowners' escrow accounts.

41.    The Act provides that any "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." § 349(a).

42.    Defendant's knowing and willful failure to pay interest on homeowners' funds held in escrow, as required by New York law, which Nationstar did in order to enrich itself at the expense of homeowners, constitutes unlawful, unfair, and deceptive business acts and practices.

43.    As alleged herein, Defendant's conduct constitutes a violation of N.Y. Gen. Bus. Law § 5-601 and 15 U.S.C. §1639d(g).

44.    Nationstar's periodic "Escrow Account Disclosure" statements and mortgage statements that Ms. Choi and other members of the Class receive do not accurately disclose the amount of money they are due in connection with the escrow accounts because they do not include interest Nationstar is required to pay on homeowners' funds held in escrow.

45.    Instead, these statements are knowingly and intentionally designed to assure unsuspecting homeowners like Ms. Choi and other member of the Class that Nationstar is properly managing their escrow accounts and ensuring any excess escrow amounts are returned to homeowners, when in fact Nationstar is intentionally withholding interest that it owes homeowners on their escrow funds.

{00294103 }                                11

46.     Indeed, the form statements and accompanying literature that Nationstar sends or makes available to homeowners is replete with misleading information, whereby Nationstar accounts for escrow funds and claims to complete periodic analyses of homeowners' escrow accounts to ensure they are funded correctly so that any surpluses are returned to homeowners. However, in practice, Nationstar intentionally excludes from its yearly analysis the interest it owes on homeowners' escrow accounts as mandated by New York, which Nationstar never sends to New York homeowners.

47.     A typical homeowner in receipt of Nationstar's escrow account statements and mortgage statements and accompanying information would naturally and reasonably assume that the accounting therein was accurate and in compliance with New York and federal law. Such homeowners are thus deceived by Nationstar, which nowhere corrects the misleading impression it gives them that they are receiving the full escrow amounts they are due, when in fact Nationstar is intentionally and knowingly withholding interest owed.

48.     By failing to apply interest to amounts owed under the mortgage agreement, Nationstar's escrow account statements and mortgage statements also do not set forth accurate amounts owed under the mortgage agreement.

49.     A reasonable consumer would think that the figures in these statements are accurate.

50.     For these reasons, Plaintiff and the Class Members also overpaid on their mortgage obligations.

51.     Nationstar's actions, which were willful and knowingly done, constitute intentional violations of New York and federal law.

52.     Plaintiff, on behalf of members of the Class, and those similarly situated, also brings these statutory consumer protection claims pursuant to the substantially and materially

{00294103 }                                    12

similar "Consumer Protection Acts" identified below, all of which were enacted and designed to protect consumers against unlawful, fraudulent, and/or unfair business acts and practices.

    a.  Cal. Bus. & Prof. Code § 17200 et seq. and Cal. Civ. Code§1750 et seq. (California);

    b.  Conn. Gen.Stat. Ann. § 42-110a et seq. (Connecticut);

    c.  Iowa Code§ 714.16 et seq. (Iowa);

    d.  ME Rev. Stat. tit. 5, § 205-A et seq. (Maine);

    e.  MD. Code Ann., Com. Law§ 13-101 et seq. (Maryland);

    f.  Mass. Gen. Laws Ann. ch. 93A, § 1 et seq. (Massachusetts);

    g.  Minn. Stat. Ann. § 325F.68 et seq., Minn. Stat. Ann. § 325D.09 et seq., Minn. Stat. Ann. § 325D.43 et seq., and Minn. Stat. Ann. § 325F.67 (Minnesota);

    h.  N.H. Rev. State. Ann. § 358-A:1 et seq. (New Hampshire);

    i.  N.Y. Gen. Bus. Law § 349 (New York);

    j.  OR. Rev. Stat. Ann. § 646.605 et seq. (Oregon);

    k.  6 R.I. Gen. Laws Ann. § 6-13.1-1 et seq. (Rhode Island);

    l.  Utah Code Ann. § 13-11-1 et seq. (Utah);

    m.  VT. Stat. Ann. tit. 9, § 2451 et seq. (Vermont); and

    n.  Wis. Stat. Ann. § 100.20 (Wisconsin).

53.    Plaintiff seeks, on behalf of members of the Class, and those similarly situated, the maximum amount of damages to which they are entitled by law as a result of the unlawful, unfair and deceptive trade practices complained of herein, plus interest.

54.    Plaintiff also seeks to recover attorneys' fees, costs, and expenses to be assessed against Defendant, within the limits set forth by applicable law.

{00294103 }    13

55. As a direct and proximate result of such actions and violations of the laws described herein, Plaintiff and the other members of the Class have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive, unfair and/or unlawful trade practices in an amount which will be proven at trial.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

56. Plaintiff realleges and incorporates by reference all the foregoing allegations as if they were fully set forth herein.

57. Plaintiff and the Class members entered into binding mortgage agreements with Nationstar, or Nationstar's predecessors in interest prior to acquiring ownership of or servicing rights for the mortgage loans.

58. Plaintiff's mortgage agreement provides that the agreement is subject to both Federal and New York law.

59. Members of the Class entered into substantially similar mortgage agreements with Nationstar, or Nationstar's predecessors in interest prior to acquiring ownership of or servicing rights for the mortgage loans which subject those agreements to both Federal and the applicable State law.

60. Pursuant to the State Escrow Interest Statutes and the Truth in Lending Act, which are incorporated by reference into the mortgage agreement, Nationstar was and is obligated to pay interest on the escrow funds to the Plaintiff and other members of the Class.

61. Nationstar did not pay interest on these funds held in escrow for Plaintiff and members of the Class.

62. Nationstar therefore breached its agreements with Plaintiff and members of the Class.

{00294103 }

14

63.     As a result of these breaches, Plaintiff and other members of the Class have been damaged in an amount to be determined at trial, together with pre-judgment and post-judgment interest thereon.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

64.     Plaintiff realleges and incorporates by reference all the foregoing allegations as if they were fully set forth herein.

65.     Plaintiff and other members of the Class conferred a benefit on Nationstar by paying money in the amounts designated by Nationstar to be deposited in escrow for taxes, assessments, insurance, or for other purposes relating to the property that is the collateral for the mortgage.

66.     The payments made by Plaintiff and members of the Class that were deposited into the escrow accounts earned interest.

67.     Pursuant to the State Escrow Interest Statutes and the Truth in Lending Act, state laws impose on Nationstar an obligation to pay interest on the escrow funds of Plaintiff and other members of the Class.

68.     Nationstar breached this legal obligation, thereby retaining the interest that accrued on the escrow balances conferred by the payments from Plaintiff and members of the Class.

69.     As a result of that breach, Nationstar was able to benefit by investing or otherwise using the escrow funds of Plaintiff and other members of the Class to earn float income for itself for free, without paying Plaintiff or other members of the Class for use of their escrow funds, as required by the State Escrow Interest Statutes and the Truth in Lending Act

70.     This float income is distinct from the interest owed to borrowers.

71.     Defendant was enriched through this float income.

72.     Defendant, in good conscience, should not be permitted to retain this income.

73.     Defendant further knowingly received and retained its wrongful benefits and funds from Plaintiff and members of the Class. Nationstar was thus enriched at the expense of Plaintiff and other members of the Class such that it is against equity and good conscience to permit Nationstar to retain the interest due Plaintiff and other members of the Class on their escrow funds.

74.     As a result of Defendant's wrongful conduct alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, the Plaintiff and members of the Class.

75.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

76.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, by failing to pay mandated interest to Plaintiff and members of the Class in an unlawful, deceptive, and unfair manner.

77.     The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by them.

## FIFTH CLAIM FOR RELIEF
### (Violation of the Truth In Lending Act, 15 U.S.C. §§ 1639d(g)(3) and 1640)

78.     Plaintiff repeats and realleges all the foregoing allegations as if they were fully set forth herein.

79.     Plaintiff is a "person," as defined in 15 U.S.C. § 1602(e).

80.     Plaintiff is a "consumer," as defined in 15 U.S.C. § 1602(i).

81.     Defendant is a "creditor" as defined in 15 U.S.C. § 1602(g).

82.     Plaintiff maintains an account with Defendant that is an "impound, trust, or escrow account" within the meaning of 15 U.S.C. §§ 1639d(g)(3).

{00294103 }                                        16

83.     The Truth in Lending Act requires that Defendant pay interest on funds held in escrow accounts as required under state law.

84.     Defendant failed to pay interest on funds held in escrow accounts as required under state law and the Truth in Lending Act.

85.     As a result of Defendant's violation of the Truth in Lending Act, Plaintiff and the members of the TILA Class have been damaged in an amount to be determined at trial.

86.     By reason of the foregoing, Plaintiff and the members of the TILA Class are entitled to: their actual damages, together with interest thereon; statutory damages in an amount of not more than the lesser of $1,000,000 or 1 per centum of the net worth of Defendant; and their reasonable attorney's fees and legal costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully request the Court enter an Order:

A.     Certifying the proposed class pursuant to Federal Rule of Civil Procedure 23, finding Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

B.     Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.     Declaring that the payment of interest pursuant to the State Escrow Interest Statutes are compulsory and that failure to pay constitutes a per se violation of those States' laws and the Truth in Lending Act.

D.     Enjoining Defendant from committing the violations of law alleged herein in the future, or such other declaratory or injunctive relief as the Court or jury determines is

appropriate;

E.      Awarding monetary damages to Plaintiff and the Class, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

F.      Awarding any and all equitable monetary relief that the Court or jury deems appropriate, in accordance with applicable law;

G.      Awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

H.      Awarding Plaintiff and the Class their reasonable costs and expenses of suit, including attorneys' fees;

I.      Awarding pre-and post-judgment interest to the extent the law allows; and

J.      Such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 31, 2018                                      Respectfully submitted,

By: _____
        TODD S. GARBER

**FINKELSTEIN, BLANKINSHIP,**              **TYCKO & ZAVAREEI LLP**
**FREI-PEARSON & GARBER, LLP**             HASSAN A. ZAVAREEI
TODD S. GARBER                             (*pro hac vice* to be filed)
BRADLEY F. SILVERMAN                       ANNA C. HAAC
455 Hamilton Avenue, Suite 605             (*pro hac vice* to be filed)
White Plains, New York 10601               1828 L Street, NW Suite 1000
Tel: (914) 298-3281                        Washington, DC 20036
Fax: (914) 908-6709                        Telephone: (202) 973-0900
tgarber@fbfglaw.com                        Facsimile: (202) 973-0950
bsilverman@fbfglaw.com                     hzavareei@tzlegal.com
                                           ahaac@tzlegal.com

{00294103 }                                     18

**GOLDENBERG SCHNEIDER, LPA**
JEFFREY S. GOLDENBERG
(*pro hac vice* to be filed)
One West 4th Street, 18th Floor
Cincinnati, Ohio 45202
Tel: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
JONATHAN M. STREISFELD
(*pro hac vice* to be filed)
JEFF OSTROW
(*pro hac vice* to be filed)
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No. (954) 525-4300
streisfeld@kolawyers.com
ostrow@kolawyers.com

*Attorneys for Plaintiff and the Putative Class*

{00294103 }

19